IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE PORTILLO AND § | |
| FIDELINA PORTILLO § | |
|    Plaintiffs § | |
| § | |
| VS. § | CIVIL ACTION NO: 5:20-CV-1458 |
| § | |
| TARGET CORPORATION § | |
|    Defendant § | |

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Please take notice that Defendant, TARGET CORPORATION, pursuant to 28 U.S.C. §§1332(a), 1441(a), 1446 and the applicable Local Rules of the Western District of Texas, hereby removes to this Court the state court action described below:

1. On November 16, 2020, an action was commenced in the 224th Judicial District Court of the State of Texas in and for Bexar County, Texas, entitled JOSE PORTILLO and FIDELINA PORTILLO v TARGET CORPORATION; bearing Cause No. 2020-CI-22274. A copy of Plaintiff's Original Petition with Discovery Requests is attached hereto as **Exhibit A**, with the Request for Service of Process attached as **Exhibit B,** and the Citation attached as **Exhibit C.**

2. On November 25, 2020, Defendant Target was served with suit on. A copy of the Return of Service is attached hereto as **Exhibit D.**

3. On December 16, 2020, Defendant Target, filed and served its Original Answer, General Denial and Affirmative Defenses, a copy of which is attached hereto as **Exhibit E.**

4. On December 16, 2020, Defendant Target, filed and served a Court Advisory, a copy of which is attached hereto as **Exhibit F**.

5. This Notice of Removal is filed in accordance with 28 U.S.C. §§1441(b) and 1446.

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1332 (a) in that it is a civil action between citizens of Texas and citizens or subjects of a foreign state, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Plaintiff's claims are based on alleged injuries suffered by JOSE PORTILLO and FIDELINA PORTILLO, while on Defendant's premises. Based on the Original Petition, Plaintiffs seek damages for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment and fear of future disease or condition. Plaintiffs seek monetary relief in an amount over $1,000,000.00 for each Plaintiff.

7. Defendant is informed and believes that Plaintiffs are citizens of the State of Texas based on statements contained in Plaintiffs' Original Petition and the following. In determining citizenship, a Court may look at where a person exercises civil and political rights, pays taxes, and owns real and personal property. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Plaintiffs owns a single-family residence at 1306 Wyoming Street, San Antonio, Texas 78203.[1] According to the Appraisal District's website printout, the property has a homestead exemption which indicates it is Plaintiffs' homestead. The property also has taxes which must be paid by the

---

[1] This is the current information on the Bexar County Appraisal District's website. **Exhibit H.**

    owner. The last change in ownership was to the Plaintiffs, thus, according to this record, they still own the property, are liable for taxes on the property and it is their homestead. This is all evidence the Court should look to when examining a person's citizenship. *Id.* In doing so, all of these factors indicate the Plaintiffs are citizens of Texas.

8. The incident made the basis of this lawsuit occurred in Bexar County, Texas. Defendant was, at the time of the filing of this action, and still is, a citizen of Minnesota, being incorporated under the laws of the State of Minnesota and having its principal place of business in the State of Minnesota. Defendant is a citizen of Minnesota because it is a corporation organized under the laws of Minnesota and because none of its members are residents of the State of Texas. For purposes of determining diversity of citizenship, a corporation is deemed a citizen of the state where the corporation's principal place of business is; the corporation's principal place of business is the place from which the corporation is controlled. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

9. Removal is proper because there is complete diversity between the parties under 28 U.S.C. §1332(a). Defendant is a corporation incorporated under the laws of the State of Minnesota, with its principal place of business in Minnesota. 28 U.S.C. §1332(a, c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (corporation's principal place of business is the place from which the corporation is controlled). Target Corporation is, therefore, a citizen of Minnesota and of no other state.

10. Defendant is removing this case within the 30-day period stipulated by the rules based on notice of the amount in controversy being greater than $75,000.00 exclusive of interest and attorneys' fees.

11. All pleadings, process, orders, and all other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

12. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

13. The undersigned has served notice of the removal of this action on Plaintiffs by serving counsel for Plaintiffs with the Notice of Removal and has filed a copy of the Notice of Removal with the Clerk in the State Action. A copy of the Notice of Filing of the Notice of Removal is attached hereto as **Exhibit G**.

14. In accordance with 28 U.S.C. §1441(a), this matter is being removed to the U.S. District Court for the Western District of Texas, San Antonio Division because this court is the court for the district and division embracing the place where such action is pending, i.e., Bexar County, Texas.

WHEREFORE, Defendant Target Corporation, respectfully requests that this case be entered upon the docket of the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. §§1441 and 1446.

Respectfully submitted,

**PAUL GARCIA & ASSOCIATES**
1901 N.W. Military Hwy., Ste. 218
San Antonio, Texas 78213
T: (210) 340-1818
F: (210) 340-4073
E: service@pgtxlaw.com

*/s/ Paul Garcia*
PAUL GARCIA
State Bar No. 00798199
CLARKSON BROWN
State Bar No. 00798082
**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the Federal Rules of Civil Procedure, this ***23rd day of December 2020*** on the following counsel of record, properly addressed as follows:

*Served via: e-mail generated by the CM/ECF E-Filing system on:*

Jesus De Luna
**THE LAW OFFICES OF THOMAS J. HENRY**
5711 University Heights Blvd., Suite 101
San Antonio, TX 78249
jdeluna-svc@thomasjhenrylaw.com

*/s/ Paul Garcia*
PAUL GARCIA