FILED
11/16/2020 2:01 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

cit pps  wjd

CAUSE NO. **2020CI22274**

| | | |
|---|---|---|
| **JOSE PORTILLO AND** | § | **IN THE DISTRICT COURT** |
| **FIDELINA PORTILLO,** | § | |
| *Plaintiff* | § | |
| | § | **224th** **TH JUDICIAL DISTRICT** |
| **VS.** | § | |
| | § | |
| **TARGET CORPORATION,** | § | |
| *Defendant* | § | **BEXAR COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION, TRCP 193.7 NOTICE OF SELF-AUTHENTICATION, TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES JOSE PORTILLO AND FIDELINA PORTILLO**, hereinafter referred to by name or as Plaintiffs, and complains of **TARGET CORPORATION**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

**1.**     Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.
## PARTIES

**2.**     Plaintiff **JOSE PORTILLO** is an individual residing in Bexar County, Texas.

**3.**     Plaintiff **FIDELINA PORTILLO** is an individual residing in Bexar County, Texas.

# EXHIBIT A

4.     Defendant **TARGET CORPORATION** is a corporation operating in Bexar County, Texas, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## JURISDICTION & VENUE

5.     This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant **TARGET CORPORATION** is conducting business in the State of Texas.

6.     Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Bexar County, Texas.

## IV.
## FACTS

7.     On or about November 17, 2019, Plaintiffs **JOSE PORTILLO AND FIDELINA PORTILLO** were shopping at Defendant **TARGET CORPORATION**, located at 3227 SE Military Dr, San Antonio, TX 78223. As such, Plaintiffs were a business invitees when they both slipped and fell on a wet substance. At the time of Plaintiffs' fall there were no warnings present at the location of the wet substance. As a result, Plaintiffs sustained injuries to their bodies. The unreasonably dangerous condition on Defendant's premises proximately caused Plaintiffs' injuries and the need for the medical treatment they subsequently received. Plaintiffs **JOSE PORTILLO AND FIDELINA PORTILLO** bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous conditions described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## V.
## CAUSES OF ACTION AGAINST
## <u>DEFENDANT TARGET CORPORATION</u>

*A.*    *PREMISES LIABILITY*

**8.**    On or about November 17, 2019, Defendant **TARGET CORPORATION** were in possession of the premises located at 3227 SE Military Dr, San Antonio, TX 78223, which forms the basis of this suit.  Both Plaintiffs were shopping for the economic benefit of Defendant. As such, Defendant owed Plaintiffs a duty of ordinary care to adequately warn them of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. However, Defendant breached its duty of ordinary care to Plaintiffs by both failing to warn the Plaintiffs of the dangerous condition and failing to make the condition reasonably safe. Defendant's breach of said duties proximately caused the injuries set forth herein.

**9.**    Specifically, Defendant did not safeguard the premises as set forth hereinabove. Further, Plaintiff was injured because Defendant was negligent in:

a) Failing to warn invitees, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's premises;

b) Failing to inspect the store and properly maintain it;

c) Allowing a dangerous condition to exist, so that Plaintiff would fall and be injured;

d) Failing to provide safety of Plaintiff under the circumstances;

e) Failing to warn invitees, including the Plaintiff, that the area in question should be approached with caution;

f) Negligently maintaining the area in question in such a way so as to constitute a negligent activity;

g) Failing to warn invitees, including Plaintiff, that there was a dangerous condition which required extra care to be taken while walking through that area;

h) Failing to maintain the premises in a reasonably safe condition for Plaintiff and other invitees; and

i) Failing to remove the dangerous condition or properly warn of its existence.

10.     The Defendant's acts and/or omissions were negligence and the proximate cause of the incident and the Plaintiffs' injuries and damages.

**B.     *RESPONDEAT SUPERIOR***

11.     At all times material hereto, all the agents, servants, and employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant's agents, servants, and employees negligently permitted the dangerous wet substance, negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiffs of the unsafe condition of the premise. This condition existed despite the fact Defendant or Defendant's agents, servants, and employees knew or should have known of the existence of the condition and that there was a likelihood of a person being injured, as occurred to Plaintiffs. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

12.     Each and all of the foregoing acts and/or omissions of the agents, servants, and employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

**C.     *GROSS NEGLIGENCE***

13.    Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff.  Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

## VI.
## DAMAGES FOR JOSE PORTILLO

14.    As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **JOSE PORTILLO** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the fall.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being.  As a further result of the nature and consequences of his injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

15.    As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention in the past and may incur medical expenses in the future to treat his injuries.

16.     By reason of all of the above, Plaintiff **JOSE PORTILLO** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

17.    Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

**VI.**

## DAMAGES FOR FIDELINA PORTILLO

**18.**    As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **FIDELINA PORTILLO** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the fall.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being.  As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

**19.**    As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

**20.**     By reason of all of the above, Plaintiff **FIDELINA PORTILLO** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

**21.**    Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.


## VII.
## INTEREST

**22.**    Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.


## VIII.
## DEMAND FOR JURY TRIAL

23.     Plaintiffs **JOSE PORTILLO AND FIDELINA PORTILLO** demands a trial by jury. Plaintiffs acknowledges payment this date of the required jury fee.

### IX.
### REQUEST FOR DISCLOSURE

24.     Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

### X.
### NOTICE OF SELF-AUTHENTICATION

25.     Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

### XI.
### ATTACHED DISCOVERY

26.     Attached to Plaintiffs' Original Petition, are the following written discovery requests to which Defendants are requested to answer/respond within fifty (50) days of service hereof:

   a.     Plaintiff's First Set of Interrogatories to Defendant TARGET CORPORATION
   b.     Plaintiff's First Requests for Production to Defendant TARGET CORPORATION
   c.     Plaintiff's First Requests for Admissions to Defendant TARGET CORPORATION

### XII.
### DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a:

jdeluna-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.  Pain and suffering in the past;
2.  Pain and suffering in the future;
3.  Mental anguish in the past;
4.  Mental anguish in the future;
5.  Past medical expenses;
6.  Future medical expenses;
7.  Physical impairment in the past;
8.  Physical impairment in the future;
9.  Future lost wages;
10. Pre-judgment interest; and
11. Post-judgment interest.

Respectfully Submitted,

**The Law Offices of Thomas J. Henry**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (361)985-0601

By: _____
Jesus De Luna
State Bar No.24105788
Email: *jdeluna-svc@thomasjhenrylaw.com
**ATTORNEYS FOR PLAINTIFF**
* service to this email address only

CAUSE NO. _____

| | | |
|---|---|---|
| **JOSE PORTILLO AND** | § | **IN THE DISTRICT COURT** |
| **FIDELINA PORTILLO,** | § | |
| *Plaintiff* | § | |
| | § | **___TH JUDICIAL DISTRICT** |
| **VS.** | § | |
| | § | |
| **TARGET CORPORATION,** | § | |
| *Defendant* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFFS' REQUEST FOR PRODUCTION TO
## DEFENDANT TARGET CORPORATION

**TO:   DEFENDANT TARGET CORPORATION,** by and through its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney.  If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery there from.

Plaintiff designates fifty (50) days after these requests for discovery and inspection. Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

Respectfully Submitted,

**The Law Offices of Thomas J. Henry**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (361)985-0601

By: _____
Jesus De Luna
State Bar No.24105788
Email: *jdeluna-svc@thomasjhenrylaw.com
**ATTORNEYS FOR PLAINTIFF**
* service to this email address only

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

    a.    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    c.    When used in reference to a document, "identify" or "identification" shall include statement of the following:

        i.    the title, heading, or caption, if any, of such document;

        ii.    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

        iii.    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        iv.    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        vi.    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        vii.    the physical location of the document and the name of its custodian or custodians.

6.    "Settlement": as used herein, means:

    a.    An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way

released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.  Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

c.  The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.  "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **November 17, 2019**, through the date of production of responses requested herein.

## FIRST REQUEST FOR PRODUCTION

1. All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

2. All photographs taken of the scene of the incident or the surrounding area of the scene of the incident in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

3. All photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of the Plaintiff which are in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

5. All written statements made by the Plaintiff in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

6. All oral statements made by the Plaintiffs which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

7. All written statements made by any witnesses to the accident that are in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

8. All oral, taped or recorded statements made by any witnesses to the accident that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

9. A copy of the policy or policies of liability insurance providing coverage to the DEFENDANT on **November 17, 2019**.

10. A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to the DEFENDANT on **November 17, 2019**.

11. A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about the Plaintiffs which are in the

possession, constructive possession, custody or control of the DEFENDANT, DEFENDANT's attorney or anyone acting on DEFENDANT's behalf.

12. All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that the DEFENDANT advises the Plaintiff accordingly and reduce such material to a tangible form).

13. A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

14. Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of DEFENDANT that DEFENDANT prepared as a result of the accident made the basis of Plaintiff's lawsuit.

15. Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any equipment or structure involved in the accident made the basis of Plaintiff's lawsuit.

16. Copies of any and all relevant documents, reports, and/or memorandum in DEFENDANT's possession which have resulted from the accident made the basis of Plaintiff's lawsuit.

17. Copies of any contracts or agreements between DEFENDANT and any maintenance or repair service in effect at the **TARGET** store where this incident occurred on **November 17, 2019**.

18. Copies of any indemnity agreement between DEFENDANT and any other parties.

19. Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on Plaintiff's cause of action.

20. Copies of any and all tangible things whose production has not been requested previously in this or other request which DEFENDANT does not intend to introduce into evidence at trial but may be used as demonstrative evidence at trial.

21. Contracts between the owner and the manager or managing firm at the time of the plaintiff's injury, and for the year immediately preceding plaintiff's injury.

22. Any indemnity agreement between any party to this case and non-party which is relevant to the incident and injuries made the basis of this lawsuit.

23. Any joint venture agreement between the parties or between any party to the lawsuit and any non-party regarding the ownership, repair, operation, maintenance, advertising, security or other service of or for the premises in question.

24. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for the management, repair, service, care, and maintenance of the premises in question.

25. Copies of any surveillance tapes, movies or photos of the Plaintiff.

26. Any training manuals, videos, policies, rules, management guidelines, operating guidelines, or other document that purports to show procedures for tenant safety; the inspection, maintenance, or repair of common areas, including but not limited to preventing, responding to and reporting tenant injuries.

27. A copy of any reports, schedules, lists, memorandums, or other documents regardless of manner or method of recording, identifying all employees scheduled to work at the **TARGET** store where this incident occurred on **November 17, 2019**.the **TARGET** store where this incident occurred on **November 17, 2019**.

28. A copy of any and all itemizations, reports, schedules, paychecks or other documents regardless of manner or method of recording identifying the time and/or work schedule of each and every employee of the **TARGET** store where this incident occurred on **November 17, 2019** - Present.

29. True and accurate copies of all documents, including but not limited to any accident/Incident reports, evidencing any accidents involving customers or employees for the **TARGET** store where this incident occurred, between **November 17, 2019** - Present.

30. True, accurate, and unedited copies of all the security camera videotapes for the **TARGET** store where this incident occurred for the date of **November 17, 2019**.

31. Copies of any document which shows the names of all employees who were working at the **TARGET** store where this incident occurred on **November 17, 2019**.

31. Copies of the architectural plans and drawings for the premises in question, specifically with respect to the location where the plaintiff was injured.

32. Please produce any training manuals, videos, policies, rules, management guidelines, operating guidelines, or other documents that purports to show procedures for management and for preventing, responding to and reporting tenant injuries.

34 Please produce copies of the daily manager's reports for the **TARGET** store where this incident occurred for the date of **November 17, 2019**.

35. Please produce copies of the weekly manager's report for the **TARGET** store where this incident occurred for the week beginning, **November 17, 2019**.

36. Please produce the monthly manager's report for the **TARGET** store where this incident occurred for the month of November, 2019.

37. Please produce copies of any criminal convictions you will attempt to use for impeachment of any witness in this matter, pursuant to TEX. R. EVID. 609.

38. Incident reports made responsive to the fall that is the basis of this suit.

39. Incident reports made responsive to personal injuries on the premises in question from **November 17, 2019** – present.

40. All documents evidencing personal injuries for the store where this incident occurred from **November 17, 2019** – present.

41. Complete and legible photocopies of all statements taken from employees who were at the scene of the incident, either when it occurred or after it occurred.

42. Complete and legible photocopies of all statements taken from the **TARGET** employees who witnessed the incident.

43. Copies of all video of the location where this incident occurred for 24 hours preceding the incident.

44. Copies of all video of the location where this incident occurred for 24 hours after the incident.

45. Complete and legible photocopies of any incident reports made in accordance with HEB policy for the incident in question.

46. Complete and legible photocopies of all statements taken by you, or someone on your behalf, from witnesses and persons with knowledge of relevant facts.

47. Copies of all customer incident reports made within 24 months before the date of this incident for the store where this fall occurred.

48. Copy of reporting manager's personnel file.

49. Copy of personnel file for the maintenance partner who cleaned up the spill.

50. All photographs taken in relation to this fall.

51. Copy of Defendant's safety manual and procedures.

52. Screenshots or copies of all webpages of Defendant's CertiLearn Safety Basics program.

53. Any and all trial exhibits.

54. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for the management, customer safety, repair, service, care, and maintenance of the area where the incident occurred on the premises.

55. Any training manuals, videos, policies, rules, management guidelines, operating guidelines, policies and procedures, or other documents that purport to show procedures for invitee safety, and preventing, responding to, and reporting invitee or contractor injuries.

56. A copy of any lease between Defendant and any owner of the premises in question in effect at the time of Plaintiff's injury, regarding occupation of the premises in question.

57. A copy of any reports, schedules, lists, memorandums, or other documents regardless of manner or method of recording, identifying all employees that witnessed, responded to, participated in an investigation of, and/or spoke with Plaintiff or any witnesses regarding the incident.

58. Copies of all documents, including but not limited to any incident/accident reports, evidencing any incidents/accidents involving this incident, and any similar incident in the last five (5) years.

59. All inspection / maintenance / cleaning logs for the area where the incident occurred for the last five (5) years.

CAUSE NO. _____

| | | |
|---|---|---|
| **JOSE PORTILLO AND** | § | **IN THE DISTRICT COURT** |
| **FIDELINA PORTILLO,** | § | |
| *Plaintiff* | § | |
| | § | **___TH JUDICIAL DISTRICT** |
| **VS.** | § | |
| | § | |
| **TARGET CORPORATION,** | § | |
| *Defendant* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT TARGET CORPORATION

**TO:** **DEFENDANT TARGET CORPORATION,** by and through its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

These Interrogatories are filed and served pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE.  Plaintiff requests that Defendant answer separately and fully in writing and under oath each of the following interrogatories within fifty (50) days after service of this request.

Respectfully Submitted,

**The Law Offices of Thomas J. Henry**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (361)985-0601

By: _____
Jesus De Luna
State Bar No.24105788
Email: *jdeluna-svc@thomasjhenrylaw.com
**ATTORNEYS FOR PLAINTIFF**
* service to this email address only

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2. As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3. In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

a.    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

b.    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

c.    When used in reference to a document, "identify" or "identification" shall include statement of the following:

    i.      the title, heading, or caption, if any, of such document;

    ii.     the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

    iii.    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

    iv.     the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

    v.      the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    vi.     the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

    vii.    the physical location of the document and the name of its custodian or custodians.

6.    "Settlement": as used herein, means:

a.    An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way

released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

    b.    Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

    c.    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **November 17, 2019**, through the date of production of responses requested herein.

## INTERROGATORIES

1.  To the individual answering these interrogatories on behalf of the Defendant, please state your name, address, job title and position.

    **ANSWER:**

2.  If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

    **ANSWER:**

3.  Please state how the incident in question occurred.

    **ANSWER:**

4.  State precisely each and every act or omission on the part of any person that you believe constitutes negligence or that in any way contributed to cause the incident in question, including but not limited to, acts or omissions of negligence of anyone whether party or nonparty, potential Third-Parties, sudden emergency; unavoidable accident; mechanical defect; or Act of God.

    **ANSWER:**

6.  Have there been any incidents, either before or after the incident in question, involving the Target at 3227 SE Military Dr, San Antonio, TX 78223, and if so, were there any investigations conducted on any of these incidents?  If so, please state the following:

    a.   The date of such investigation;

    b.   The results of such investigation; and

    c.   The location of any reports; and

    d.   The names, address and phone number of the person who conducted the inspection and all persons involved in the incident.

    **ANSWER:**

7.  List all persons in charge of safety at the site where the incident occurred, the role and function of the safety or risk management division, including but not limited to the name of the division, all employees within this division, the procedures which are carried out, the day-to-day function of this division, and your role, if any, in the safety division.

**ANSWER:**

8.    Describe all inspections, maintenance, modifications, or repairs done to the Target at 3227 SE Military Dr, San Antonio, TX 78223, including but not limited to:  dates, nature of the activity performed, and the identity of those who performed the inspection, maintenance, modifications, or repair.

**ANSWER:**

9.    On the date of the incident, did Defendant use or have an accident review committee, a safety committee, or any other similar body that reviewed accidents for purposes of discipline or safety compliance, and if so, please state:

   a)    the name, address and title of each member of such committee;

   b)    their position with the corporate defendant and their dates of employment;

   c)    did such body or committee review the occurrence in question, and if so, please state its finding and conclusions and deliberations.

**ANSWER:**

10.   Identify the Risk Manager for the Target where the incident made the basis of this lawsuit occurred.

**ANSWER:**

11.   Do you have a video tape(s)/photographs of the incident in question?  If so, identify the person(s) who is responsible for maintaining possession of any such tape / photograph on behalf of the Target at 3227 SE Military Dr, San Antonio, TX 78223.

**ANSWER:**

12.   Did you conduct an investigation for the incident in question, if so, please identify the name, address, and telephone number of the person(s) performing such investigation, and whether an incident report(s) was prepared as a result of the investigation, whether a written report of the investigation was furnished to the Defendant, and the substance of any written reports of the investigation furnished to Defendant.

**ANSWER:**

13.   Please identify and describe in detail any previous incidents which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation during the past five (5) years to present, located Target at 3227 SE Military Dr, San Antonio, TX 78223.

**ANSWER:**

14.     Please identify and describe in detail any previous incidents which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation during the past five (5) years to present, at any **TARGET CORPORATION** in Texas.

       **ANSWER:**

15.     Please identify (as explained in the definition of terms) and describe in detail any previous incidents which have occurred in the same way or insubstantially the same way as the incident made the basis of this litigation during the past five (5) years to present, at any **TARGET CORPORATION** nationwide.

       **ANSWER:**

16.     Please describe any and all training, instructions, and/or warnings given to employees, servants, workers, or contractors of Defendant, prior to the incident relating to inspections or maintenance of the premises.

       **ANSWER:**

18.     State the name, address, and telephone number of (1) the manager of the premises on the date of the incident, (2) the employee in charge of the area where the incident happened, (3) any employees of Defendant who spoke to Plaintiff or anyone with Plaintiff, and (4) all employees who witnessed any part of the incident.

       **ANSWER:**

19.     State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of this Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s).  Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of the reduction.

       **ANSWER:**

## **VERIFICATION**

**THE STATE OF** _____ §
                                  §
**COUNTY OF** _____ §


    **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers**,** and that every statement contained in this Discovery is within his knowledge and completely true and correct.


_____
**Signature**


_____
**Print**


**THE STATE OF** _____ §
                                  §
**COUNTY OF** _____ §

    **BEFORE ME**, the undersigned authority, on this day personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

    **SUBSCRIBED AND SWORN TO on the** _____ **day of** _____**, 2018.**


_____
**Notary Public, State of Texas**

My Commission Expires: _____

CAUSE NO. _____

| | | |
|---|---|---|
| **JOSE PORTILLO AND** | § | **IN THE DISTRICT COURT** |
| **FIDELINA PORTILLO,** | § | |
| *Plaintiff* | § | |
| | § | **\_\_\_TH JUDICIAL DISTRICT** |
| **VS.** | § | |
| | § | |
| **TARGET CORPORATION,** | § | |
| *Defendant* | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT TARGET CORPORATION

**TO:** **DEFENDANT TARGET CORPORATION,** by and through its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this request or otherwise furnished or made available for inspection and copying. This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

Respectfully Submitted,


**The Law Offices of Thomas J. Henry**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Tel. (210) 656-1000
Fax. (361)985-0601

By: _____
Jesus De Luna
State Bar No.24105788
Email: *jdeluna-svc@thomasjhenrylaw.com
**ATTORNEYS FOR PLAINTIFF**
* service to this email address only

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.   "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.   "Identify" or "Identification":

   a.   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

   b.   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

   c.   When used in reference to a document, "identify" or "identification" shall include statement of the following:

      i.    the title, heading, or caption, if any, of such document;
      ii.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;
      iii.  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;
      iv.   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;
      v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;
      vi.   the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and
      vii.  the physical location of the document and the name of its custodian or custodians.

6.   "Settlement": as used herein, means:

   a.   An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way

released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.     Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

c.     The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.     "The wreck" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **November 17, 2019**, through the date of production of responses requested herein.

## REQUESTS FOR ADMISSION

1.      Defendant was the owner of the premises on the date of the incident.

      **ADMIT OR DENY**

2.      Defendant did not have any warning signs or barricades in the area where the incident occurred.

      **ADMIT OR DENY**

3.      Plaintiff was lawfully on the premises at the time of the incident.

      **ADMIT OR DENY**

4.      Defendant did not timely inspect the area where the incident occurred.

      **ADMIT OR DENY**

5.      Defendant did not properly maintain the area where the incident occurred.

      **ADMIT OR DENY**

6.      Defendant did not properly maintain the area where the incident occurred.

      **ADMIT OR DENY**

7.      Defendant did not institute any training procedures for its employees with regard to the non-employee invitee's presence on the premises to prevent occurrences and/or incidents such as those made the basis of this suit.

      **ADMIT OR DENY**